UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARC WEINBERGER and
KAREN WEINBERGER, individually and
on behalf of those similarly situated,

        **Plaintiffs,**

vs.                                              **DEMAND FOR JURY TRIAL**

**SELENE FINANCE LP**,

        **Defendant.**
_____/

## CLASS ACTION COMPLAINT

Plaintiffs, MARC WEINBERGER and KAREN WEINBERGER (collectively the "Weinbergers"), by and through their counsel, Scott Hirsch Law Group, PLLC, and The Advocacy Group ("Counsel"), bring this class action lawsuit for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and Section 559.72(9), Florida Statutes ("Florida Consumer Collection Practices Act" or the "FCCPA"), in accordance with the allegations set forth in the numbered paragraphs that follow.

## NATURE OF THE ACTION

1. This is a putative class action brought under rule 23 of the Federal Rules of Civil Procedure by Plaintiffs the Weinbergers, on their own behalf and on behalf of all others similarly situated, against one of the country's largest loan servicers, **SELENE FINANCE LP** ("Defendant" or "SELENE"). SELENE is employed by lenders to "service" mortgages on their behalf. Plaintiffs and the Class Members are homeowners whose homes have been in

1

foreclosure. SELENE is servicer of the mortgage loans which encumber Plaintiffs' and Class Members' homes. As a servicer, SELENE regularly acts as a debt collector.

**PARTIES JURISDICTION AND VENUE**

7. Plaintiffs, MARC WEINBERGER and KAREN WEINBERGER are married individual citizens of the State of Florida, residing in Broward County. At all times material, they occupied the property at issue, located at 12170 SW 51st Court, Ft. Lauderdale, FL 33330 (the "Subject Property").

8. Defendant, SELENE is a Delaware limited partnership with its principal place of business in Coppell, Texas. At all times material, Defendant SELENE is and was a loan servicer as that term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b). Moreover, SELENE services the loan obligation that's secured by a mortgage upon the Subject Property.

9. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by Defendant SELENE as account number ******1404. A copy of the applicable note and mortgage loan documents encumbering the Subject Property are attached as Exhibit "A".

10. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the FDCPA, a federal statute. The Court also has supplemental jurisdiction over the FCCPA claim under 28 U.S.C. § 1367, because this claim is so related to the federal FDCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

11. This Court has general diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between the Plaintiffs and Defendant. This Court also has jurisdiction over

this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332(d). CAFA's requirements are satisfied in that (1) the members of the Class exceed 100; (2) the citizenship of at least one proposed Class member is different from that of the Defendant; and (3) the matter in controversy, after aggregating the claims of the proposed Class members, exceeds $5,000,000.00, exclusive of interest and costs.

12. Venue is proper in the United States District Court in and for the Southern District of Florida pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this district.

## LEGAL FRAMEWORK APPLICABLE TO THE CLAIMS

### FDCPA STATUTORY STRUCTURE

13. The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . to promote consistent State action to protect consumers against debt collection abuses…" 15 U.S.C. § 1692.

14. The FDCPA generally prohibits debt collectors, including SELENE, from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" [§ 1692e], and the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f, including, but not limited to:

   a. False representations or misrepresentations of "the character, amount, or legal status of any debt." *Id.* at § 1692e(2)(A);

   b. False representations or misrepresentations of any "compensation which may be lawfully received by [the] debt collector for the collection of a debt." *Id.* at § 1692e(2)(B);

    c. "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* at § 1692f (1); and

    d. "The use of any false representation or deceptive means to collect or attempt to collect" a debt. *Id.* at § 1692e (10).

<b><u>FCCPA STATUTORY STRUCTURE</u></b>

15.    The purpose of the FCCPA is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (citing § 559.552, Fla. Stat.).

16.    Like the FDCPA, the FCCPA prohibits persons, including SELENE, from engaging in certain abusive practices in the collection of consumer debts. *See generally* § 559.72, Fla. Stat.

17.    Specifically, the FCCPA states that no person, including SELENE, shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat. The FCCPA defines both "debt" and "consumer debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 559.55(6). A "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." § 559.55(8).

## FACTUAL ALLEGATIONS

18. SELENE is an entity that at all relevant times was engaged in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C § 1692a(5) and by Fla. Stat. § 559.55(7).

19. SELENE is a "debt collector" as defined in the FDCPA, § 1692a(6) and Fla. Stat. § 559.55(7), in that it acquired the servicing of the loans at issue after default and uses the U.S. Mail in a business for the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due by another.

20. SELENE is a mortgage loan servicer that regularly services mortgage loans in Florida, including loans owned or assigned by Fannie Mae/Freddie Mac.

21. The loan servicer's duties and obligations are clearly filled in and defined by the Fannie Mae or Freddie Mac written Seller/Servicer Guidelines (the "Guidelines") when the loan is either serviced by the lender itself or sold to third-party servicer entities.

22. In this instance, the loans at issue affecting Plaintiffs and the Class Members are serviced by SELENE; therefore, SELENE is required to comply with all servicing guidelines.

23. In its role as mortgage loan servicer, SELENE was responsible for preparation of items concerning the Note and Mortgage including, but not limited to, preparing and sending monthly statements, accounting for credit and debits on the Note, calculating, collecting, and disbursing escrow amounts, sending notices, overseeing the judicial foreclosure process including providing information for the same, and calculating payoff figures and transmitting payoff figures.

24. Payoff statements generated by SELENE are uniform in composition and form.

25. SELENE is a mortgage "servicer" as that term is defined by 12 C.F.R. § 1024.2(b) and 12 U.S.C. § 2605(i)(2). As stated above, SELENE is the current servicer of the notes and mortgages on real property that secure those notes, owned by Plaintiffs and the Members of the Class.

26. On May 21, 2007 Plaintiffs purchased the Subject Property secured by a promissory note and mortgage in the amount of $189,000.00 in favor of Homecomings Financial, LLC as lender, for which the servicing rights of the mortgage loan for the subject property were assigned to SELENE.

27. Due to financial hardship, Plaintiffs became delinquent in payment and defaulted on their mortgage.

28. On March 5, 2014 foreclosure proceedings on the subject mortgage were instituted by Green Tree Servicing LLC, the apparent successor to the Lender, in the Circuit Court of the Seventeenth judicial Circuit in and for Broward County, Case No: CACE-14-004643, for which judgment was entered on January 29, 2019.

29. On or about February, 2022 the Weinbergers, through their authorized agent, sent a written request to SELENE for an accurate payoff statement pursuant to 12 C.F.R. § 1026.36(c)(3).

30. On or about February 22, 2022, SELENE responded to Plaintiffs' payoff request by sending a letter statement purporting to be a payoff quote. However, Defendant SELENE's February 22, 2022 payoff letter was unclear, misleading and inaccurate as it contains line items of charges which are completely vague and identified only as "Deferred Balance", "Escrow/Impound", and "Corporate Advance (s) Balance". The composition and the amounts comprising these charges are not itemized or disclosed, with no explanation as to their propriety.

Indeed, there is no indication that the amounts of the charges are estimates or were actually incurred or even owed by Plaintiffs. A copy of SELENE's February 22, 2022 payoff letter is attached hereto as Exhibit B.

31. In addition to the vagueness of the charges for "Deferred Balance", "Escrow/Impound", and "Corporate Advance (s) Balance" the February 22, 2022 Payoff Letter contains a demand for payment for "Unpaid Late Charges." However, there is no indication of the origination of these fees or their propriety. Indeed, as SELENE is acutely aware, any late fees that are assessed post foreclosure and acceleration are expressly prohibited by the mortgage and are therefore improper.

32. Moreover, SELENE is fully aware and has actual knowledge that the standard mortgage loan agreements it services, including those of the Plaintiffs, do not authorize the charging of fees which are estimates or not actually incurred such as those contained in the "Deferred Balance", "Escrow/Impound", and "Corporate Advance (s) Balance". Specifically, as servicer, SELENE has direct access to and copies of the standard mortgage loan agreements for Plaintiffs and the Members of Class. SELENE as a sophisticated and experienced servicer has actual knowledge of the types and amounts of fees it is allowed to charge pursuant to both the standard mortgage loan agreement and the servicing guidelines it is bound by.

33. SELENE knows that demands for payment containing the non-itemized amorphous charges of "Deferred Balance", "Escrow/Impound", and "Corporate Advance (s) Balance" are misleading as they do not give consumers, such as Plaintiffs and Class Members, the ability to knowledgably assess the validity of the claimed debt.

## CLASS ACTION ALLEGATIONS

34. Plaintiffs bring this action individually and on behalf of all individuals similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following "National Class":

> All persons in the United States who were charged for fees that were not enumerated or explained on a payoff statement, within a category identified only as "Deferred Balance", "Escrow/Impound", and "Corporate Advance (s) Balance;" or were charged for "Unpaid Late Charges" post acceleration.

35. In addition to the national class, Plaintiffs bring a subclass on behalf of Florida residents pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the "Florida Class":

> All persons in the State of Florida who were charged for fees that were not enumerated or explained on a payoff statement, within a category identified only as "Deferred Balance", "Escrow/Impound", and "Corporate Advance (s) Balance;" or were charged for "Unpaid Late Charges" post acceleration.

36. Plaintiffs reserve the right to modify or amend the proposed class definitions before the Court determines whether certification is appropriate.

37. Excluded from the Class are persons whose Payoff Statements according to SELENE records were returned as undeliverable, persons whose mortgages were for commercial purposes, not for personal, family, or household purposes, and Defendant, and any subsidiary or affiliate of Defendant, and the directors, officers and employees of Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

38. Under Fed. R. Civ. P. 23(a)(1), the proposed class is made up of at least 40 persons, the joinder of whom are impracticable except by means of a class action. The disposition of the claims in a class action will benefit both the parties and the Court. The exact

number of class members can be determined through discovery and review of SELENE's business records.

39. The proposed class is ascertainable because it is defined by reference to objective criteria. In addition, and upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by SELENE.

40. In conformance with Fed. R. Civ. P. 23(a)(2), all Class Members' claims (including Plaintiffs') are unified in that they arise from the same improper charging and collection practices arising out of materially identical circumstances. Plaintiffs' interests are coincident with, and not antagonistic to, those of the other members of the proposed class.

41. Consistent with Fed. R. Civ. P. 23(a)(3), Plaintiffs are members of the Class. Their claims are typical of all other Class Members. All Class Members' claims are unified, as all were victims of the same collection and charging practices.

42. Consistent with Fed. R. Civ. P. 23(a)(4), Plaintiffs will adequately represent the class because she has interests in common with the proposed Class Members and they have retained attorneys who are experienced in class action litigation.

43. Pursuant to Fed. R. Civ. P. 23(b)(3), there is a well-defined community of interest in the questions of law and fact involving and affecting the class to be represented by Plaintiffs. Common questions of law and/or fact predominate over any questions affecting only individual members of the class. Common questions include, but are not limited to, the following:

    a. Whether SELENE's impositions of "Deferred Balance", "Escrow/Impound", and "Corporate Advance (s) Balance" charges not being enumerated are deceptive, misleading and violate the FDCPA;

    b. Whether SELENE's impositions of "Deferred Balance", "Escrow/Impound",

and "Corporate Advance (s) Balance" charges not being enumerated are deceptive, misleading and violate the FCCPA;

c. Whether Plaintiffs and Class Members are entitled to statutory damages under the FDCPA and the amounts thereof;

d. Whether Plaintiffs and Class Members are entitled to statutory damages under the FCCPA and the amounts thereof; and

e. The proper measure of disgorgement and/or actual and/or punitive damages and/or restitution, as well as other recovery to the class, including fees and costs.

44. Further, the prosecution of separate actions by individual members of the class would create a risk of:

a. Inconsistent or varying adjudications concerning individual members of the class that would establish incompatible standards of conduct for the defendant opposing the class; and

b. Adjudication with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of other members not parties to such adjudications, and/or substantially impair or impede the ability of other non-party class members to protect such individual interests.

45. The class action method is appropriate for the fair and efficient prosecution of this action.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each Class Member's claims are small relative to the complexity of the litigation, and due to the financial resources of SELENE, no

member of the Class could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the members of the Class will continue to suffer losses and SELENE's misconduct will proceed without remedy.

47. Even if members of the Class could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

48. Alternatively, certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because it is clear that declaratory and injunctive relief is appropriate respecting the Classes as a whole.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION ACT 15 USC § 1692e

49. Plaintiffs repeat and reallege paragraphs 1 through 33 as if fully stated herein.

50. Plaintiffs and each Class Member was a "consumer" as defined by 15 U.S.C. § 1692a(3).

51. The mortgage loans encumbering the property of Plaintiffs and Class Members, which SELENE service, are debts under the FDCPA because each is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that is]…primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

52. Additionally, the improper fees being charged and collected, in the form of the "Deferred Balance", "Escrow/Impound", and "Corporate Advance (s) Balance" are incidental to the principal obligation and subject to the Act. 15 U.S.C. § 1692f(1).

53. SELENE is a "debt collector" of those mortgage loans as defined by 15 U.S.C. § 1692a(6) because it regularly attempts to collect, and collects, amounts owed or asserted to be owed or due another, including the mortgage debts from Plaintiffs and Class Members via Payoff Statements. And SELENE acquired the servicing rights of Plaintiffs and each Class Member's mortgage after they were in default.

54. SELENE engaged in direct "communications" with Plaintiffs and Class Members as defined by 15 U.S.C. § 1692a(2) when it sent them or their representatives Payoff Statements, purportedly demanding money due for reinstatement or payoff of their mortgage loans.

55. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

56. Congress created shared, substantive statutory rights of Plaintiff and the Class Members to be privately enforced and protected under the FDCPA, which SELENE has violated. *See* 15 U.S.C. §§ 1692, 1692e, 1692f.

57. 15 U.S.C. §1692e states, in relevant part, that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ……
>
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B)    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> ……….

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

58. Based on the foregoing allegations, SELENE used deceptive means of collecting debts—which contained undisclosed fees for "Deferred Balance", "Escrow/Impound", and "Corporate Advance (s) Balance" without proper itemization or description of what the charges may be for, incorporating them —in violation of 15 U.S.C. § 1692e(10), because it represented them in Payoff Statements in a confusing, inaccurate manner, or in a manner that would likely mislead a consumer.

59. Based on the foregoing allegations, SELENE violated 15 U.S.C. § 1692e(2)(A) because through its Payoff Statements imposing "Deferred Balance", "Escrow/Impound", and "Corporate Advance (s) Balance" without proper itemization or description of what the charges may be for, incorporating them, falsely or in a misleading manner stated, or mispresented, the amount, character, or status of the amounts needed to payoff Plaintiffs' and Class Members' mortgage debts.

60. Based on the foregoing allegations, SELENE violated 15 U.S.C. § 1692e(2)(B) when through its Payoff Statements imposing "Deferred Balance", "Escrow/Impound", and "Corporate Advance (s) Balance" without proper itemization or description of what the charges may be for, falsely or in a misleading manner stated, or mispresented, the compensation that it might lawfully receive from Plaintiffs and Class Members.

61. These violations of FDCPA caused injury to Plaintiffs and Class Members by violating the foregoing substantive FDCPA rights. Specifically, SELENE's violations of the FDCPA harmed Plaintiffs and the Class Members by depriving them of the statutory right to

accurate, clear, and conspicuous information concerning their mortgage loans. Plaintiffs and the Class Members also suffered the imminent risk of having to pay an illegal amount.

62.     As a result of these violations, Plaintiffs and Class Members are entitled to statutory damages together with reasonable attorney's fees and costs under 15 U.S.C. § 1692(k).

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION ACT 15 USC § 1692f

63.     Plaintiffs repeat and reallege paragraphs 1 through 33 as if fully stated herein.

64.     Plaintiffs and each Class Member were a "consumer" as defined by 15 U.S.C. § 1692a(3).

65.     The mortgage loans encumbering the property of Plaintiffs and Class Members, which SELENE service, are debts under the FDCPA because each is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that is]…primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

66.     Additionally, the improper fees being charged and collected, in the form of the "Fees" and "Funds owed by borrower" are incidental to the principal obligation and subject to the Act. 15 U.S.C. § 1692f(1).

67.     SELENE is a "debt collector" of those mortgage loans as defined by 15 U.S.C. § 1692a(6) because it regularly attempts to collect, and collects, amounts owed or asserted to be owed or due another, including the mortgage debts from Plaintiffs and Class Members via Payoff Statements. The Payoff Statements described above indeed uniformly confirmed this by identifying SELENE as a debt collector. And SELENE acquired the servicing rights of Plaintiffs and each Class Member's mortgage after they were in default.

68. SELENE engaged in direct "communications" with Plaintiffs and Class Members as defined by 15 U.S.C. § 1692a(2) when it sent them or their representatives Payoff Statements, purportedly demanding money due for reinstatement or payoff of their mortgage loans.

69. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

70. 15 U.S.C. § 1692f states, in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law

71. Based on the foregoing allegations, SELENE used unfair means of collecting amounts for "Deferred Balance", "Escrow/Impound", and "Corporate Advance (s) Balance" without proper itemization or description of what the charges may be for, incorporating them in violation of 15 U.S.C. § 1692f, because the amounts were not expressly authorized by Plaintiffs' and Class Members' mortgage instruments creating their debts as they must be under those instruments, or they were not permitted by law.

72. These violations of FDCPA caused injury to Plaintiffs and Class Members by violating the foregoing substantive FDCPA rights.

73. As a result of these violations, Plaintiffs and Class Members are entitled to statutory damages together with reasonable attorneys' fees and costs under 15 U.S.C. § 1692(k).

## COUNT III

## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## FLA STAT § 559.72(9)

74. Plaintiffs repeat and reallege paragraphs 1 through 40 as if fully stated herein.

75. Section 559.72, Florida Statutes, of the FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debts.

76. SELENE is a "person" within the meaning of the FCCPA.

77. The mortgage loans encumbering the properties of Plaintiffs and Class Members, and being serviced by SELENE, are each a "debt" under the FCCPA because each one is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 559.55(6), Fla. Stat.

78. The FCCPA creates a private right of action. See § 559.77, Fla. Stat.

79. The Florida Legislature created shared, substantive statutory rights of Plaintiffs and Class Members to be enforced and protected privately under the FCCPA, which SELENE violated. §§ 559.72, 559.72(9), 559.77, Fla. Stat.

80. Under Section 559.72, Florida Statutes,

In collecting consumer debts, no person shall:

……

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

81. Based on the foregoing allegations, SELENE violated Section 559.72(9), Florida Statutes, by attempting to collect undisclosed fees for "Deferred Balance", "Escrow/Impound", and "Corporate Advance (s) Balance" without proper itemization or description of what the charges may be for, incorporating them, and charging and attempting to collect fees for "Unpaid

Late Charges" post acceleration, when, as stated above, it knew that the fees, and as a corollary, the total amounts incorporating them, were not legitimate debts.

82.     Based on the foregoing allegations, SELENE violated Section 559.72(9), Florida Statutes, by attempting to collect "Deferred Balance", "Escrow/Impound", and "Corporate Advance (s) Balance" without proper itemization or description of what the charges may be for, incorporating them, and charging and attempting to collect fees for "Unpaid Late Charges" post acceleration, when, as stated above, it knew it had no legal right to collect the fees, and as a corollary, no legal right to collect the total amounts incorporating them.

83.     These collection practices by SELENE hide the true character of the alleged debt owed by Plaintiffs and Class Members and impairs their ability to knowingly assess the validity of the alleged debt.

84.     SELENE knowingly sent the Payoff Statements and attempted to collect monies from Plaintiffs and the Class Members through means that were clearly misleading on its face.

85.     These violations of FCCPA caused injury to Plaintiffs and Class Members by violating the foregoing substantive FCCPA rights.

86.     As a result of these violations, Plaintiffs and Class Members are entitled to statutory damages together with reasonable attorney's fees and costs under Section 559.77, Florida Statutes.

**JURY DEMAND**

87.     Plaintiffs respectfully request a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs, on behalf of themselves and the Class, respectfully requests this Court to award against SELENE in favor of Plaintiffs and the Class all of the following:

a. Certifying Plaintiffs' claims for class treatment under Federal Rules of Civil Procedure 23(a) and (b)(3), appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' attorneys as counsel for the Classes;

b. For an order awarding statutory and compensatory damages on behalf of Plaintiffs and the Class in an amount to be proven at trial;

c. For judgment for Plaintiffs and the Class on their federal and state law claims, in an amount to be proven at trial;

d. For pre-judgment and post-judgment interest as provided for by law or allowed in equity;

e. For an order awarding Plaintiffs and the Class their attorneys' fees and costs; and,

f. Any other relief for Plaintiffs and the Class the Court deems just and proper.

Dated: April 23, 2022.

By: *Scott D. Hirsch*
Scott David Hirsch
**SCOTT HIRSCH LAW GROUP**
**Fla. Bar No. 50833**
**6810 N. State Road 7**
**Coconut Creek, FL 33073**
**Tel: (561) 569-7062**
**Email: scott@scotthirschlawgroup.com**

**THE ADVOCACY GROUP**
Jessica L. Kerr
Fla. Bar. No. 92810
100 S. Biscayne Blvd, Suite 300
Miami, FL 33131
Telephone: (954) 282-1858
Facsimile: (954) 282-8277
Email: *jkerr@advocacypa.com*

*Attorneys for Plaintiffs*